# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| WAYNETTE NORRIS,<br>PLAINTIFF | § <br> § <br> § | CASE NO. 5:21-CV-00601 |
| VS. | § <br> § <br> § | THE HONORABLE _____ |
| UNITED STATES OF AMERICA,<br> DEFENDANT | § <br> § <br> § <br> § | |

---

## COMPLAINT FOR TEMPORARY RESTRAINING ORDER

---

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff **WAYNETTE NORRIS**, who petitions to this Honorable Court for a Temporary Restraining Order under the Federal Rules of Civil Procedure because she stands to suffer immediate and irreparable injury if the United States is improperly garnishing her wages due to defects in the wage garnishment hearing that never occurred.

### I.     PARTIES

Complainant **WAYNETTE NORRIS** is an individual of the full age of majority and resident of Universal City, Bexar County, Texas.

Respondent is the **UNITED STATES OF AMERICA**, through the 1) Department of the Treasury, Bureau of the Fiscal Service, Austin, Texas, and 2) Internal Revenue Service, Austin, Texas.

NORRIS - COMPLAINT FOR TRO- JFD/RBE/PTB/SG

## II.  JURISDICTION AND VENUE

This Court has original jurisdiction over this matter because the issue arises under a federal question. Venue is proper because Plaintiff **WAYNETTE NORRIS** is domiciled in the Western District of Texas.

## III.  ARGUMENT & AUTHORITIES

On or about June 9, 2020, Plaintiff **WAYNETTE NORRIS** sent a written request to the United States for a hearing on her wage garnishment after San Antonio Military Medical Center refused to bill her heath insurance carrier for payment of medical treatment that Plaintiff received at San Antonio Military Medical Center.  (See Exhibit "1," U.S. threat of garnishment). Thereafter, Plaintiff **WAYNETTE NORRIS** did not hear from the United States and, she believed the issue was delayed because of the pandemic.  However, in total shock and disbelief, the United States has now told the plaintiff that it intends to garnish her wages without a hearing unless she files a lawsuit in federal court.  Accordingly, the Plaintiff shows that the United States has consented to this lawsuit as evidenced by its correspondence of May 13, 2021.

The purpose of a Temporary Restraining Order (TRO) is to keep the subject matter of the litigation in status quo until a hearing can be held on an application for a temporary injunction. See *Cannan v. Green Oaks Apts.,* 758 S.W. 2d 753, 755 (Tex. 1988). The defendant United States of America has failed to provide due notice of a hearing to Plaintiff **WAYNETTE NORRIS**. Plaintiff will suffer irreparable harm and her personal finances will be prejudiced beyond repair if this garnishment attaches. It is probable that Plaintiff will not owe Defendant any money after a trial on the merits

2

because Defendant refuses to accept the evidence submitted by the Plaintiff and to conduct a hearing with the evidence. The Defendant's refusal to grant a hearing and begin garnishment against the Plaintiff is unjust and unwarranted. Rule 65(1) of the Federal Rules of Civil Procedure permits such an injunction because the Defendant has been served with notice upon the filing of this Complaint.

Plaintiff **WAYNETTE NORRIS** stands to lose 15% of her respective wages without so much as a hearing, because during the COVID-19 pandemic, the United States claims that it sent documents to the Plaintiff that Plaintiff does not recall receiving. No proof of such service exists has been yet provided. Shortly after May 13, 2021, the Defendant United States sent correspondence to the Plaintiff, indicating that she failed to produce documents despite the fact that she had not been asked to produce documents. The United States has declared that the Plaintiff's purported failure to produce documents for a hearing allows them to garnish her wages without a hearing.

Plaintiff Waynette Norris shows this Court that she has no recollection of receiving and she denies receiving a notice to produce documents after she requested a hearing on June 9, 2020.

Pursuant to *Karamchandi v. Ground Technology, Inc.*, 678 S.W. 2d 580, 582 (Tex, App. –Houston [14th Dist.] 1984, writ dism'd), the Plaintiff has made a prima facie case showing that the United States will irreparably damage the Plaintiff Waynette Norris, without her having the benefit of an evidentiary hearing as provided by law. A temporary restraining order and subsequent injunctive relief is necessary because the Plaintiff has no adequate remedy at law.

NORRIS - COMPLAINT FOR TRO- JFD/RBE/PTB/SG

In factually analogous cases, Texas Appellate Courts have held when, as here, the Plaintiff alleges that the status quo would be disturbed and that irreparable harm would ensue in the absence of an order restraining the defendant, a temporary injunction is the only adequate remedy at law. For example, in *Karamchandi v. Ground Technology, Inc.* 678 SW. 2d 580, 582 (Tex. App. – Houston [14th Dist.] 1984, writ dism'd), the trial court did not abuse its discretion in granting a temporary restraining order and injunction to enjoin a 40% shareholder, seeking liquidation of corporate assets, from writing letters to corporate clients seeking assistance that such an injunction was granted to prevent harm from private communication and to preserve the status quo. Id. at 582.

Here, the United States admits that it received a request for hearing on June 9, 2020, during the world-wide pandemic of COVID-19. During the pandemic, the Plaintiff **WAYNETTE NORRIS** does not recall receiving any notice to produce evidence or to appear at a hearing regarding her evidence. However, the United States has now declared to the Plaintiff **WAYNETTE NORRIS** that her wages will be garnished up to 15% of her discretionary income because the United States will not give **WAYNETTE NORRIS** her evidentiary hearing. Plaintiff has no option but to seek injunctive relief from this Court, and prohibit any garnishments of Plaintiff's wages until after a hearing is held on same. As *Karamchandi* explains, when there is irreparable harm, and no adequate remedy at law is available to the moving party, a temporary restraining order is the only relief practical to maintain the status quo. Such relief is required and necessary in the case at bar. *Karamchandi*, 678 S.W. 2d at 580-82.

## IV. REQUEST FOR HEARING ON PRELIMINARY INJUNCTION

Plaintiff requests a hearing on a preliminary injunction as soon as practical to prohibit the continuing threat of irreparable harm as well as the spoliation of evidence. The purpose of a temporary injunction is to preserve the status quo of the subject matter of the litigation until a final hearing can be held on the merits of the case. See *Butnaru v. Ford Motor Co.*, 84 S.W. 3d 198, 204 (Tex. 2002). Plaintiff has exercised due diligence in prosecuting this claim.

Upon final hearing, Plaintiff will have a probable right to relief.

## V. BOND NOT REQUIRED

Plaintiff requests that the Court issue the temporary restraining order, and in lieu of a surety bond, Plaintiff requests that the Court accept a signature bond. The United States will not suffer any damages by a restraining order. Accordingly, a surety bond would be meaningless.

## VI. CONDITION PRECEDENT

All administrative conditions precedent have been performed or have occurred.

## VII. AFFIDAVITS ATTACHED & INCORPORATION BY REFERENCE

Plaintiff incorporates by reference the affidavit and evidence attached to this motion and incorporates same by reference as set forth fully herein for all purpose.

## VIII. PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that this Honorable Court find and hold that Plaintiff has made a prima facie case showing of imminent irreparable harm; that Plaintiff has shown a probability of success on the merits; that wage garnishment without a hearing is egregious; that Defendant be ordered to cease and desist from with evidence in this case; that a temporary restraining order be issued and an order signed as submitted by Plaintiff; that this Court entertain and set for hearing Plaintiff's request for a permanent injunction; and further grant Plaintiff all other relief whether in law or in equity upon which she may show herself justly entitled.

### CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support of, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; (4) the complaint otherwise complies with the requirements of Rule 11.

NORRIS - COMPLAINT FOR TRO- JFD/RBE/PTB/SG

RESPECTFULLY SUBMITTED,

DESOUZA LAW, PC
3201 CHERRY RIDGE DR., SUITE C-300
SAN ANTONIO, TEXAS 78230
210/ 714-4215 – PHONE
210/496-0060 – FACSIMILE

BY: */S/ Jason F. DeSouza*
JASON F. DESOUZA
WDTX BAR NO.: 24073255
jason@jfdlawfirm.com

BY: */S/ Paul Bowers*
PAUL BOWERS
WDTX BAR NO.: 24078247
paul@jfdlawfirm.com

BY: */S/ Robert B Evans*
ROBERT B EVANS
STATE BAR NO.: 24034767
robby@jfdlawfirm.com
WDTX: *ADMISSION PENDING*

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the above and forgoing instrument was duly served in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on June 23, 2021 upon the following:

**VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED: 70201290000036289852**
UNITED STATES OF AMERICA
DEPARTMENT OF THE TREASURY
BUREAU OF THE FISCAL SERVICE
TREASURY ACCOUNT NUMBER: L31875545/12235946
P.O. BOX 149058
AUSTIN, TEXAS 78714-9058
**VIA FAX**
FAX: (512) 342-7230

**VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED: 70201290000036289869**
UNITED STATES OF AMERICA
DEPARTMENT OF THE TREASURY
BUREAU OF THE FISCAL SERVICE
ATTN: GILBERTO SANTOS AND DANIEL VAZQUEZ, ACTING MANAGER
ADMINISTRATIVE WAGE GARNISHMENT HEARINGS SECTION
TREASURY ACCOUNT NUMBER: L31875545/12235946
P.O. BOX 979128 AND 979101
ST. LOUIS, MO 63197-9000

**VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED: 70201290000036289876**
COAST PROFESSIONAL, INC.
TREASURY DEBT ID NUMBER: L31875545
P.O. BOX 245
GENESCO, NY 14454
**VIA E-MAIL:**
BFS@coastprofessional.com
**VIA FAX**
FAX: (800) 579-6795

**VIA EMAIL**
EMAIL: AWG.Hearings@fiscal.treasury.gov

BY: */S/ Jason F. DeSouza*
JASON F. DESOUZA

8

NORRIS - COMPLAINT FOR TRO- JFD/RBE/PTB/sg